UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MICHAEL PETERS, BC4492,<br>Petitioner,<br>v.<br>RAYMOND MADDEN, Warden,<br>Respondent. | Case No. 22-cv-06480-SK (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 2) |

Petitioner, a state prisoner incarcerated at the R. J. Donovan Correctional Facility (RJD) in San Diego, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Napa County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

Pursuant to a plea agreement, Petitioner pleaded no contest to five counts of making criminal threats. On May 13, 2019, the trial court sentenced him to a prison term of 16 years four months and imposed several fines and fees. Petitioner appealed the imposition of the fees and fines, but the California Court of Appeal affirmed the judgment on January 29, 2020. Petitioner did not seek further review from the California Supreme Court.

On December 23, 2020, Petitioner filed a petition for a writ of habeas corpus in Napa County Superior Court claiming ineffective assistance of counsel. The superior court denied the petition on May 26, 2021.

On July 12, 2021, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal claiming ineffective assistance of counsel. The court of appeal denied the petition on August 4, 2021.

On December 27, 2021, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. The supreme court denied the petition on May 18, 2022.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the ground that he received "ineffective assistance of counsel during the plea bargaining process." ECF No. 1 (Pet.) at 15. He elaborates in the attached petition to the state supreme court that trial counsel was constitutionally ineffective for "failing to obtain petitioner's medical records, and investigate a possible mental health defense, prior to advising petitioner to accept the People's plea offer." ECF No. 1-1 (Attachs.) at 22. Liberally construed, the claim appears arguably cognizable under § 2254 and merits an answer from Respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF No. 4) is GRANTED.

2. The clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service) upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the attachments and exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: November 9, 2022

_____
SALLIE KIM
United States Magistrate Judge